STATE DEPARTMENT FEDERAL
CREDIT UNION et al.,
Appellants,

v.

Marion B. FOLSOM, Secretary, Department of Health, Education, and Welfare, et al., Appellees.

No. 12713.

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 14, 1956.

Decided Oct. 25, 1956.

Mr. Charles L. Aulette, Washington, D. C., for appellants. Mr. D. Robert Cervera, Washington, D. C., also entered an appearance for appellants.

Mr. Frank H. Strickler, Asst. U. S. Atty., at the time of argument, with whom Messrs. Leo A. Rover, U. S. Atty., at the time brief was filed, and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellees. Mr. Oliver Gasch, U. S. Atty., also entered an appearance for appellees.

Mr. Raoul Berger, Washington, D. C., filed a brief on behalf of Credit Union National Association, Inc., as *amicus curiae*, urging reversal.

Before EDGERTON, Chief Judge, and BAZELON and FAHY, Circuit Judges.

PER CURIAM.

Appellants are corporations created under the Federal Credit Union Act, 48 Stat. 1216, as amended, 12 U.S.C.A. § 1751. Appellee Folsom, Secretary of the Department of Health, Education and Welfare, is charged with administration and enforcement of the Act and supervision of the Bureau of Federal Credit Unions, and appellee Gannon, Director of the Bureau, has immediate supervision. 62 Stat. 1092, 12 U.S.C.A. § 1751a and note; 12 U.S.C. Supp. III, § 1751a note. He is authorized to "suspend or revoke the charter of any Federal credit union * * * upon [his] finding that the organization * * * has violated any provisions of its charter, its bylaws, or of this chapter, or of any regulations is-

sued thereunder." 48 Stat. 1221, 62 Stat. 1092, 12 U.S.C.A., § 1766(b) (1).[1]

Appellants engaged extensively in cashing checks, for fees of 10 or 15 cents, for persons "within the field of membership". Appellees asked them to stop cashing checks for a fee, on the ground that it was not authorized by the Act. Appellants refused to comply and the Director served them with notice to show cause why their charters should not be suspended.

Appellants sued for declaratory and injunctive relief. Appellees moved to dismiss the complaint or, in the alternative, for summary judgment. The District Court dismissed the complaint for lack of jurisdiction, on the ground that it was a suit against the United States to which the United States had not consented. The court also found that, if the complaint were not dismissed, defendants' motion for summary judgment should be granted on the merits.

 We think the court had jurisdiction. Agnew v. Board of Governors of the Federal Reserve System, 80 U.S. App.D.C. 377, 153 F.2d 785; reversed on other grounds, but jurisdiction sustained, in Board of Governors of Federal Reserve System v. Agnew, 329 U.S. 441, 67 S.Ct. 411, 91 L.Ed. 408. Cf. Joint Anti-Fascist Refugee Committee v. McGrath, 341 U.S. 123, 71 S.Ct. 624, 95 L. Ed. 817, and Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868, both decided since Larson v. Domestic & Foreign Commerce Corp., 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628.[2] But we think appellees' finding, that appellants have no authority to cash checks for a fee, is reasonable and should not be disturbed. It follows that appellees' motion for summary judgment should be granted.

Judgment vacated and case remanded.

---

1. Through successive amendments and reorganization plans, powers and duties formerly vested in the Governor of the Farm Credit Administration have been transferred to appellees. 62 Stat. 1091, 1092; Note to Title 12 U.S.C.A. § 1751.

2. The dissenting opinion in the Joint Anti-Fascist case and the Government in the present case rely on Larson.